SHERIEL L. SEXCIUS, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Sexcius v. Commissioner
Docket No. 21780-91
United States Tax Court
T.C. Memo 1993-310; 1993 Tax Ct. Memo LEXIS 314; 66 T.C.M. (CCH) 128; T.C.M. (RIA) 93310; July 15, 1993, Filed *314 Decision will be entered for respondent. Sheriel L. Sexcius, pro se. For respondent: David Click. DINAN
DINAN
MEMORANDUM OPINION DINAN, Special Trial Judge: This case was heard pursuant to the provisions of section 7443A(b) and Rules 180, 181, and 182. [1]
Respondent determined a deficiency in petitioner's Federal income tax for taxable year 1988 in the amount of $ 1,527. After a concession, [2] the sole issue for decision is whether petitioner is entitled to deduct expenses from her Schedule C business in excess of her Schedule C income. *315 Some of the facts have been stipulated, and they, together with exhibits attached to the stipulation, are so found. Petitioner resided at Washington, D.C., when she timely filed her petition herein. Petitioner Sheriel L. Sexcius worked full time as a teacher in the District of Columbia School system in 1988. She holds a bachelor of science degree, a masters in education degree, and a nursing degree. In 1979, petitioner decided to also work part time in her own enterprise, a tutoring and counseling activity. She tutored students for several hours everyday after school and also during the summer months and holidays. Petitioner claims she devoted at least 33 hours per week to her activity. Petitioner claimed substantial losses from her activity every year she carried it on. In 1988, petitioner reported gross receipts of $ 4,100 and deductions in the amount of $ 14,321, yielding a $ 10,221 loss. Respondent disallowed petitioner's Schedule C loss in its entirety on the ground that her activity was not engaged in for profit. Petitioner has reported losses of at least $ 104,000 since 1979, while her gross receipts total approximately $ 30,000. Generally, deductions are not allowable *316 with respect to an activity not engaged in for profit. Secs. 162, 183(a), 212. Where there is no profit objective, section 183(b)(1) allows only those deductions which are allowable independent of profit objective, and section 183(b)(2) allows other deductions only to the extent that they do not exceed gross income derived from the activity reduced by the deductions allowable independent of profit objective. An activity not engaged in for profit "means any activity other than one with respect to which deductions are allowable for the taxable year under section 162 or under paragraph (1) or (2) of section 212." Sec. 183(c). In order to deduct expenses of an activity under either section 162 or 212, the taxpayer must show that he or she engaged in the activity with an actual and honest objective of making a profit. Dreicer v. Commissioner, 78 T.C. 642, 644-645 (1982), affd. without opinion 702 F.2d 1205 (D.C. Cir. 1983); sec. 1.183-2(a), Income Tax Regs. It is not necessary that the expectation of profit be reasonable, but the profit objective must be bona fide, as judged by all facts and circumstances. Taube v. Commissioner, 88 T.C. 464, 478-479 (1987); *317 Fox v. Commissioner, 80 T.C. 972, 1006 (1983), affd. sub nom. Barnard v. Commissioner, 731 F.2d 238 (4th Cir. 1984); Dreicer v. Commissioner, supra at 645. Petitioner bears the burden of showing she engaged in her tutoring activity with the actual and honest objective of realizing economic profit which is independent of tax savings. Rule 142(a); Seaman v. Commissioner, 84 T.C. 564, 588 (1985). In making this determination, this Court gives more weight to objective facts than to a taxpayer's mere statement of intent. Sec. 1.183-2(a), Income Tax Regs.; Dreicer v. Commissioner, supra.We give consideration to the nonexclusive list of factors set forth in section 1.183-2(b), Income Tax Regs.[3]
*318 Petitioner is no stranger to this Court. She has litigated this same profit objective issue twice before. We held in petitioner's favor in a 1983 summary opinion, finding that she engaged in her self-employment activity with the purpose of making a profit. The tax year in question was 1979, the first year petitioner operated her activity. But we held for respondent in Sexcius v. Commissioner, T.C. Memo. 1991-162, concluding that petitioner failed to demonstrate that her activity had a profit objective. The tax years in question were 1986 and 1987. We found in that case that petitioner did not carry on her activity in a businesslike manner. She charged minimally for her services, allowed customers to pay at their discretion, and made little or no effort to collect fees other than sending a bill notwithstanding her incurring substantial losses repeatedly over several years. Petitioner insists that she has always had a profit objective, but she has introduced little evidence as to how she has changed her manner of conducting her activity since 1987. In response to respondent's motion for order to show cause why judgment should not be entered against *319 petitioner on the basis of the preceding Sexcius case, petitioner argued only that she is entitled to a resolution of the "conflict" between her 1983 case and her 1991 case. The two earlier cases are not in conflict. During taxable year 1979, her activity was new, and the facts at that time supported her tax position. That was no longer the case during the 1986 and 1987 taxable years. The history of petitioner's management of her activity strongly suggested that petitioner lacked the requisite profit objective. Petitioner has not demonstrated that her objective or manner of conducting her activity in 1988 was any different than they were in 1986 and 1987. Although petitioner testified that she spent considerable time on her activity, we are unable to find that this case should be decided any differently than it was decided for the preceding two taxable years. Looking at all of the facts and circumstances, we hold that petitioner has failed to show that she possessed the requisite profit objective with regard to her activity. Thus, petitioner may not deduct expenses from her activity in excess of her Schedule C income. Decision will be entered for respondent. Footnotes
1. Unless otherwise indicated, section references are to the Internal Revenue Code in effect for the year at issue; Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. Respondent conceded that petitioner has substantiated the following amounts claimed as Schedule C expenses: (1) Rental expenses in the amount of $ 2,480; (2) utilities and telephone expenses in the amount of $ 872; (3) taxes in the amount of $ 80; (4) office expenses and supplies in the amount of $ 227; and (5) receipts for xeroxing in the amount of $ 629. Respondent also conceded that the only issue in controversy is the section 183 issue.↩
3. These are: (1) The manner in which the taxpayer carried on the activity, (2) the expertise of the taxpayer or his advisors, (3) the time and effort expended by the taxpayer in carrying on the activity, (4) the expectation that assets used in the activity may appreciate in value, (5) the success of the taxpayer in carrying on similar or dissimilar activities, (6) the taxpayer's history of income or losses with respect to the activity, (7) the amount of occasional profits, if any, which are earned from the activity, (8) the financial status of the taxpayer, and (9) the elements of personal pleasure or recreation derived from the activity.↩